IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01447-BNB

LUKE M. BARELA,

    Applicant,

v.

JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

ORDER DENYING MOTION FOR STAY

    This matter is before the Court on the motion titled "Motion for Stay of Habeas Corpus" (ECF No. 10) that Applicant, Luke M. Barela, submitted to the Court on July 30, 2012. Mr. Barela is a prisoner in the custody of the Colorado Department of Corrections, who currently is incarcerated at the correctional facility in Sterling, Colorado. He initiated this action on June 4, 2012, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).

    To obtain habeas corpus relief, an applicant must exhaust state remedies. 28 U.S.C. § 2254(b)(1)(A). Whether to grant a stay and abeyance when an applicant has failed to exhaust state remedies on a particular claim is a matter of district court discretion. *Rhines v. Weber*, 544 U.S. 269, 276-79 (2005). "[S]tay and abeyance should be available only in limited circumstances." *Id.* Pursuant to *Rhines*, Mr. Barela's motion to stay this action may be granted only if (1) he has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are

meritorious, and (3) there is no indication that he has engaged in intentionally dilatory litigation tactics. *Id.*

Mr. Barela asks this Court to stay the instant habeas corpus proceeding so that he may return to the state courts to exhaust unspecified claims because he alleges he seeks a stay "so he can further litigate and resolve additional postconviction issues, through state remedies." ECF No. 10 at 1.

Mr. Barela fails to demonstrate that a stay is appropriate in this case because he does not address the first and third factors set forth in *Rhines* and he fails to allege what issue or issues he seeks to exhaust, making the Court unable to determine the second factor. Because Mr. Barela fails to assert what claims he seeks to exhaust in state court on postconviction review, the Court also is unable to determine whether he needs to seek the Court's permission to amend his application to assert additional claims.

Accordingly, it is

ORDERED that the Motion for Stay of Habeas Corpus (ECF No. 10) that Applicant, Luke M. Barela, filed on July 30, 2012, is denied without prejudice. It is

FURTHER ORDERED that **within twenty one (21) days from the date of this order** Mr. Barela shall file a motion for stay that complies with this order, if he still seeks a stay. It is

FURTHER ORDERED that if Mr. Barela fails to file a motion for stay within the time allowed, the Court will proceed on the current record.

DATED September 4, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge