IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01447-BNB

LUKE M. BARELA,

    Applicant,

v.

JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Luke M. Barela, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  Mr. Barela initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2).  Mr. Barela challenges the validity of his conviction and sentence in Arapahoe County District Court Case No. 05CR44.

    In an order filed on June 6, 3012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After obtaining an extension of time, Respondents submitted a pre-answer response on July 16, 2012.  *See* ECF No. 9.  On July 30, 2012, Mr. Barela filed a reply in the form of a motion for stay.

On September 4, 2012, the Court entered an order (ECF No. 11) denying Mr. Barela's motion for stay without prejudice, and allowing him twenty-one days to file a motion for stay that complied with the September 4 order.  On September 25, 2012, in lieu of filing the motion for stay, Mr. Barela filed a motion (ECF No. 12) to dismiss the instant habeas corpus action without prejudice so that he may "fully litigate postconviction issues," including but not limited to misrepresentation of evidence, jury instruction errors, and prosecutorial misconduct.  ECF No. 12 at 1.

The Court must construe Mr. Barela's filings liberally because he is representing himself.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion to dismiss will be construed as a request pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and will be granted.

Mr. Barela was convicted by a jury in Arapahoe County District Court Case No. 05CR44 on charges of attempted first-degree murder, attempted second-degree murder, first-degree assault, and attempted first-degree assault.  The trial court imposed a combination of consecutive and concurrent sentences totaling seventy years.  ECF No. 9, ex. A (state court register of actions) at 13-14.

On March 25, 2010, the Colorado Court of Appeals affirmed the convictions on direct appeal.  ECF No. 9, ex. D (*People v. Barela*, No. 06CA1976 (Colo. Ct. App. Mar. 25, 2010) (unpublished)).  On August 9, 2010, the Colorado Supreme Court denied certiorari review.  ECF No. 9, ex. F.

On January 5, 2011, Mr. Barela filed a motion for sentence reconsideration

pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied on January 20, 2011.  ECF No. 9, ex. A. at 10.  On February 22, 2011, Mr. Barela filed a notice of appeal.  *Id.*  That appeal currently is pending in the state appeals court.

On June 4, 2012, Mr. Barela filed his § 2254 application in this Court.  He asserts three claims that:  (1) the trial court failed to instruct the jury on the lesser-included offense of attempted criminally negligent homicide and the statutory mitigator of provocation, (2) the trial court committed reversible error by allowing a police officer to give an expert opinion without qualifying him as an expert, and (3) the trial court erred in admitting a gruesome photograph of the victim during surgery.

Respondents note in the pre-answer response that the application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  ECF No. 9 at 3).  They also address exhaustion of state remedies as to Mr. Barela's asserted claims.  However, the claims Mr. Barela asserts in the application appear to be different from the claims he seeks to raise in the postconviction proceedings he intends to initiate.

The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *County of Santa Fe v. Public Service Co. of New Mexico.*, 311 F.3d 1031, 1047 (10th Cir. 2002) (citing *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (internal quotation marks omitted)).  Under the rule, the Court has authority to require "terms that the court considers proper."  Thus, a Rule 41(a)(2) motion is addressed to the sound discretion of the district court. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).  When considering a motion to dismiss without prejudice, "the important aspect is whether the

3

opposing party will suffer prejudice in the light of the valid interests of the parties. It is the prejudice to the opposing party, rather than the convenience of the court, that is to be considered in passing on a motion for dismissal. *County of Santa Fe*, 311 F.3d at 1047 (citing *Clark*, 13 F.3d at 1411 (internal quotations marks omitted)). Generally speaking, "absent 'legal prejudice' to the defendant, the district court normally should grant [ ] a dismissal [under Rule 41(a)(2)]." *UnitedGlobalcom, Inc. v. McRann*, No. 01-cv-02354-EWN-MJW, 2007 WL 915495, at *9 (D. Colo. Mar. 23, 2007), citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (internal quotation marks omitted).

Although "legal prejudice" is not a clearly defined term, the Tenth Circuit has promulgated certain factors to consider in analyzing whether a defendant or respondent will suffer from legal prejudice. *UnitedGlobalcom, Inc.*, No. 01-cv-02354-EWN-MJW, 2007 WL 915495, at *9. The factors include (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation. *Id.* (citing *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996).

Upon consideration of these four factors, the Court sees no reason why the motion to dismiss should not be granted at this early stage of litigation to allow Mr. Barela to exhaust all the claims he intends to raise in this Court. Mr. Barela is warned, however, to be diligent in exhausting state remedies and in returning to this Court with an application asserting all his exhausted claims. *See* 28 U.S.C. § 2244(d)(2). The fact that Respondents concede the claims he currently asserts are timely does not mean that the same may hold true unless Mr. Barela exercises diligence in returning to the Court with

an application containing all the exhausted claims he seeks to pursue.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Barela files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the motion (ECF No. 12) to dismiss the instant habeas corpus action filed on September 25, 2012, by Applicant, Luke M. Barela, is granted.  It is

FURTHER ORDERED that the instant action is dismissed without prejudice.  It is

FURTHER ORDERED that any pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   26th   day of    October    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court